1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WAYNE GOLDEN,                              No.  2:14-cv-1923 JAM KJN P

12                 Plaintiff,

13         v.                                    FINDINGS & RECOMMENDATIONS

14    HIGH DESERT STATE PRISON, et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42

18    U.S.C. § 1983.  Defendants move to dismiss this action because it appears from the face of the

19    amended complaint that plaintiff failed to exhaust his administrative remedies prior to filing the

20    instant action.  As set forth below, the undersigned recommends that defendants' motion to

21    dismiss be granted.

22    I.  Background

23         Plaintiff filed his original complaint on August 18, 2014, in the form of a letter, an

24    amended complaint on September 11, 2014, and a second amended complaint ("SAC") on

25    November 10, 2014.  (ECF Nos. 1, 7, 18.)  In the SAC, plaintiff alleges that defendants removed

26    him from a pureed diet in violation of the Eighth Amendment.  Plaintiff states that about ten years

27    ago, some of his teeth were removed, and he suffered nerve damage to his mouth, so he was

28    prescribed a pureed diet.  Plaintiff was subsequently transferred from the Correctional Treatment

                                                  1

Center ("CTC") at High Desert State Prison ("HDSP"), where he continued to receive a pureed diet, to the general population at HDSP, where he does not receive a pureed diet.  (ECF No. 18 at 3.)  Plaintiff alleges that he lives on peanut butter, bananas, and bread mixed with water, and sustains pain and suffering as a result of his inability to receive a pureed diet.  (Id.)

II. Rule 12(b)(6) Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal

1  interpretation of a pro se complaint may not supply essential elements of the claim that were not

2  pled.  Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

3      In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally

4  consider only allegations contained in the pleadings, exhibits attached to the complaint, and

5  matters properly subject to judicial notice."  Outdoor Media Grp., Inc. v. City of Beaumont, 506

6  F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

7  III.  Analysis

8      Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead

9  and prove."  Jones v. Bock, 549 U.S. 199, 204, 216 (2007).  In the rare event that a failure to

10  exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule

11  12(b)(6).  Otherwise, defendants must produce evidence proving failure to exhaust in order to

12  carry their burden.

13  
14  
15  
16  
17  
18  
> In a few cases, a prisoner's failure to exhaust may be clear from the face of the complaint. However, such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint. As the Court wrote in Jones, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 216. But in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim.

19  Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc).

20      Defendants argues that the court should dismiss this action because this is one of the rare

21  cases in which it is clear from the face of the SAC that plaintiff failed to exhaust his

22  administrative remedies prior to filing the instant action.  (ECF No. 31-1 at 4.)  Defendants point

23  out that in his SAC, plaintiff states that a grievance process was available to him, and that the

24  grievance process was not complete at the time he filed his SAC.  (Id., citing ECF No. 18 at 2.)

25  Moreover, defendants note that plaintiff included the same admission in his September 11, 2014

26  complaint.  (ECF No. 31-1 at 4, citing ECF No. 7 at 3.)

27      On May 4, 2015, plaintiff filed an opposition to the motion.  Plaintiff primarily argues the

28  merits of his case, claiming that he should be provided a pureed diet.  (ECF No. 36, *passim*.)

3

1    However, plaintiff also provided copies of his administrative appeals filed in HDSP HC

2    14028453 in which he sought a pureed diet, which confirm that plaintiff's first appeal was signed

3    by plaintiff on September 2, 2014.  (ECF No. 36 at 25.)  The appeal was partially granted at the

4    first level on November 6, 2014 (ECF No. 36 at 15-16.)  Plaintiff's third level appeal was rejected

5    on January 15, 2015.  (ECF No. 36 at 26.)

6            In reply, defendants argue that plaintiff's opposition confirms plaintiff's admission on the

7    face of his SAC that plaintiff failed to exhaust his administrative remedies prior to suit.

8            As argued by defendants, plaintiff concedes in his SAC, as well as his September 11, 2014

9    amended complaint, that a grievance procedure was available, and that plaintiff had not

10   completed the grievance process prior to filing the instant action.  (ECF Nos. 7 at 3; 18 at 2.)  The

11   documents provided with plaintiff's opposition confirms his failure to exhaust administrative

12   remedies before filing the instant action.

13           Although plaintiff also stated that because he was removed from a pureed diet he had no

14   recourse but to file in federal court, (id.), exhaustion in prisoner cases covered by § 1997e(a) is

15   mandatory, and is a prerequisite for all prisoner suits regarding conditions of confinement.  Porter

16   v. Nussle, 534 U.S. 516, 524, 532 (2002).  Thus, plaintiff is required to exhaust his administrative

17   remedies before he may file a complaint in federal court.

18           Because plaintiff's failure to exhaust his administrative remedies as to the instant claims

19   are clear from the face of the SAC, this action must be dismissed without prejudice.  See City of

20   Oakland, Cal. v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust

21   administrative remedies is properly treated as a curable defect and should generally result in a

22   dismissal without prejudice."); see also Albino, 747 F.3d at 1170 ("Exhaustion should be decided,

23   if feasible, before reaching the merits of a prisoner's claim").

24           Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss

25   (ECF No. 31) be granted, and this action be dismissed without prejudice.

26           These findings and recommendations are submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

28   after being served with these findings and recommendations, any party may file written

4

1   objections with the court and serve a copy on all parties.  Such a document should be captioned

2   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

3   objections shall be served and filed within fourteen days after service of the objections.  The

4   parties are advised that failure to file objections within the specified time may waive the right to

5   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6   Dated:  May 27, 2015

7

8   /gold1923.mtd.fte                                              KENDALL J. NEWMAN
                                                                    UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28